**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LEROY LEE NEWELL,**

      **Plaintiff,**

**v.**              **Civil Action No. 1:06cv65**
                **(Judge Keeley)**

**TYGART VALLEY REGIONAL JAIL,**
**ALLEN HAWK, Food Administrator,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

   On April 27, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. Plaintiff was granted permission to proceed as a pauper on April 28, 2006. On May, 25, 2006, Plaintiff filed a motion to add Singlesource, Inc., as a Defendant in this action. On August 16, 2006, the undersigned conducted a preliminary review of the complaint and determined that summary dismissal was not warranted at that time. Therefore, the Defendants were directed to answer the complaint. On August 21, 2006, Plaintiff filed a Motion for Summary Judgment. Thereafter, on September 19, 2006, Defendant Tygart Valley Regional Jail ("TVRJ") filed a motion to dismiss or in the alternative for summary judgment. Defendant Allen Hawk has not filed a response. On September 25, 2006, notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the Plaintiff advising him of his right to file a response to the TVRJ's dispositive motion. Plaintiff filed a response to the Defendant's motion on October 20, 2006. This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq.

## I. Contentions of the Parties

## A. **Plaintiff**

### 1. The Complaint

Plaintiff asserts that on March 28, 2006, he bit into his evening meal and found a quarter in his food. As a result, Plaintiff asserts that he suffered damage to his gums and fillings. After discovering the coin in his food, Plaintiff immediately reported the incident to the contact officer who confiscated the coin and the food and filed a written report. Plaintiff seeks monetary and punitive damages in the amount of $25,000. Plaintiff asserts that he initiated the administrative grievance process, but that he did not receive a response.

### 2. Motion to Join

Plaintiff asserts that Singlesource, Inc., is the Food Distributor for the West Virginia Regional Jail Authority and supplied the food in which the coin was found. Thus, Plaintiff seeks to join Singlesource as a defendant in this action.

### 3. Summary Judgment Motion

Plaintiff asserts that he is entitled to summary judgment and an award of monetary damages as outlined in his original complaint. In support of his motion, Plaintiff asserts that he has repeatedly requested documentation of the incident from the TVRJ. Plaintiff asserts that he has served the TVRJ with these requests, yet no response has ever been received. Plaintiff also asserts that he has tendered several settlement offers to the TVRJ. Therefore, Plaintiff asserts that since he has not "received any notice to the contrary," he should be granted summary judgment.

## B. **Defendant TVRJ**

In its motion to dismiss, the TVRJ asserts several reasons for which the Court should dismiss this case. First, the TVRJ argues that Plaintiff failed to exhaust his Administrative Remedies.

Second, the TVRJ asserts that Plaintiff has failed to state a federally cognizable claim. Third, the TVRJ asserts that it is shielded from liability by qualified good faith immunity and Eleventh Amendment Immunity. Accordingly, the TVRJ requests that the court grant summary judgment in its favor and dismiss this case from the Court's active docket.

## C. **Petitioner's Reply**

In his reply, Plaintiff now concedes that he did not complete all levels of the administrative grievance process. However, Plaintiff argues that complete exhaustion would have been impossible because he was deprived of copies of the incident report and other related documentation. Plaintiff argues that when officials thwart a prisoner's attempts to submit administrative remedies, exhaustion should be excused. Thus, Plaintiff asserts that the failure of the TVRJ to allow him access to the reports surrounding the incident effectively thwarted his ability to exhaust his administrative remedies, and therefore, exhaustion should be excused.

Next, Plaintiff asserts that he has stated a cognizable Eighth Amendment claim. Plaintiff asserts that pursuant to Prisoner' Rights § 2:9 Diet - Once an individual is incarcerated, the responsibility falls upon that institution to provide the minimal necessities of life which include, food, clothing, and shelter, being that the individual is incapable of providing these essentials themselves. Plaintiff further asserts that he has shown that his physical health and well-being were subjected to bodily harm when he bit into the coin, which caused damage. Plaintiff asserts that the pain and suffering he experienced falls within the realm of cruel and unusual punishment because the physical harm went beyond the normal guidelines of punishment. Finally, Plaintiff asserts that the preparation of the food must have been negligent and that the TVRJ had a duty to prepare the food so as to not harm the inmates who consume it.

## II. Analysis

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter v. Nussle, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response

---

[1] Porter v. Nussle, 534 U.S. 516, 524 (2002).

is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

In this case, Plaintiff first asserts that he filed administrative remedies, but that he did not receive responses. However, under the West Virginia Regional Jail Authority's administrative grievance procedure, the failure to receive a response is not an excuse for failing to exhaust all levels of the grievance procedure. If an inmate does not receive a response before the expiration of the time limit, and he has not been notified of an extension, the inmate may move to the next stage of the process. Thus, any failure to respond was not prohibitive of Plaintiff completing the process.

Second, Plaintiff concedes in his reply to the Defendant's motion to dismiss that he did not

exhaust all three levels of the administrative grievance procedure, but argues that his failure should be excused because the TVRJ thwarted his attempts to exhaust his remedies. Several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms). However, Plaintiff has failed to demonstrate unavailability in this case.

Here, Plaintiff does not assert that he was denied grievance forms or that his right to appeal was impeded. Instead, Plaintiff asserts only that prison officials did not provide him with copies of the incident report and other documentation relevant to the incident. However, even without those reports, Plaintiff was not precluded from filing a grievance to vindicate his rights. Plaintiff could have accurately and appropriately described the incident, the date and time, any witnesses, and the damage caused, even without the reports. After all, Plaintiff experienced the events firsthand and the incident report would have been little more than Plaintiff's version of the events in written form.

Third, Plaintiff appears to argue that exhaustion should be excused because the

administrative procedures lacked the authority to provide appropriate relief, *i.e.*, monetary compensation for the pain, suffering, and trauma to his teeth and gums. However, it is well-established that claims for monetary relief are not excused from the exhaustion requirement. Booth v. Churner, 532 U.S. at 741. Accordingly, Plaintiff has failed to exhaust his available administrative remedies and his complaint is due to be dismissed.

**B. Plaintiffs' Claims against the TVRJ**

"Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit." Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); see also Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under §42 U.S.C. 1983"); Roach v. Burch, 825 F. Supp. 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983). Accordingly, the TVRJ is not a proper party and is entitled to judgment as a matter of law.[2]

### III. Recommendation

For the foregoing reasons, it is the recommendation of the undersigned that the TVRJ's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 23) be GRANTED and the complaint be DISMISSED with prejudice as to that defendant. As to Plaintiff's claims against Defendant Allen Hawk, the undersigned recommends that Plaintiff's claims be DISMISSED without prejudice for the failure to exhaust. Because Plaintiff has not properly exhausted his administrative remedies, the undersigned also recommends that Plaintiff's Motion to Join (dckt. 9)

---

[2] Because the undersigned has found that Plaintiff's claims are not exhausted and that the TVRJ is not a proper party to this suit, it is not necessary to address the TVRJ's immunity claims.

and Motion for Summary Judgment [3] (dckt. 19) be DENIED.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and any counsel of record.

DATED: January 11, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3] It should also be noted that the issues raised by Plaintiff in support of his summary judgment motion are not proper grounds for granting judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.