IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEROY LEE NEWELL,

      Plaintiff,

v.                           //        CIVIL ACTION NO. 1:06CV65
                                      (Judge Keeley)

TYGART VALLEY REGIONAL JAIL,
ALLEN HAWK, Food Administrator,

      Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On April 27, 2006, pro se petitioner Leroy Lee Newell ("Newell") filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Tygart Valley Regional Jail ("TVRJ") and Allen Hawk ("Hawk"), a Food Service Administrator for TVRJ. On April 28, 2006, the Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accord with Local Rule of Prisoner Litigation 83.09. Thereafter, on May 25, 2006, Newell filed a motion to add Singlesource, Inc., as a defendant to this action.

Following his initial review, on August 16, 2006, Magistrate Judge Kaull ordered that Newell's complaint be served on the defendants. Before any response to the complaint was filed, however, Newell filed motions styled as a "Summary Judgment Motion" and a "Motion For Court Order," respectively.

On September 19, 2006, TVRJ responded to Newell's complaint by filing its motion to dismiss or, in the alternative, for summary

ORDER ADOPTING REPORT AND RECOMMENDATION

judgment.[1]  Thereafter, Newell filed a response in opposition to TVRJ's motion on October 20, 2006.

On January 11, 2007, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") thoroughly evaluating Newell's complaint and all pending motions in the case.  In his R&R, the magistrate judge recommends that TVRJ's motion to dismiss be granted and that Newell's complaint be dismissed with prejudice as to TVRJ because TVRJ is "not a person amenable to suit" in a § 1983 action. Brooks v. Pembroke City Jail, 722 F.Supp. 1294 1301 (E.D.N.C. 1989); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989 ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under § 42 U.S.C. 1983"); Roach v. Burch, 825 F.Supp 116 (N.D.W.Va. 1993) (The West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983).

The magistrate judge further recommends that Newell's complaint against Hawk be dismissed without prejudice because Newell has admittedly failed to exhaust his administrative remedies and has not established the unavailability of the exhaustion

---

[1] Hawk has not filed a response to Newell's complaint.

process in this case. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner filing suit pursuant to 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Specifically, exhaustion is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes". Porter v. Nussle, 534 U.S. 516, 524 (2002).

In his response to TVRJ's motion to dismiss, Newell admits that he failed to fully exhaust all three levels of the West Virginia Regional Jail Authority's administrative grievance procedure. Further, while courts have recognized that the mandatory exhaustion requirement may be excused in certain limited circumstances, the magistrate judge found that Newell has failed to demonstrate the applicability of any of those exceptions. Finally, Magistrate Judge Kaull noted that it is well settled that the PLRA's exhaustion requirement applies to claims for monetary relief. Booth v. Churner, 532 U.S. 731, 741 (2001). Accordingly, Magistrate Judge Kaull found that Newell failed to exhaust the mandatory administrative grievance procedure applicable to his claims.[2]

---

[2] Given Newell's failure to exhaust, Magistrate Judge Kaull also recommends that Newell's motion to join (doc. no. 9) and motion for summary judgment (doc. no. 19) be denied. Further, in footnote 3 of the R&R, the magistrate judge notes that "the issues raised by Plaintiff in support of his summary judgment motion are not proper grounds for granting judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure."

Magistrate Judge Kaull's R&R also specifically warned Newell that the failure to object to the recommendation would result in the waiver of appellate rights on these issues. Nevertheless, Newell did not file objections.[3] Instead, on January 17, 2007, he sent a letter to the Court Clerk requesting proper forms to file a suit against a company and a timetable for refiling this case "that was dismissed".[4]

Because no objections were filed, the Court **ADOPTS** the Report and Recommendation in its entirety, **GRANTS** Tygart Valley Regional Jail's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Docket No. 23), **DISMISSES WITH PREJUDICE** the defendant Tygart Valley Regional Jail, and **DISMISSES WITHOUT PREJUDICE** defendant Allen Hawk for Newell's failure to exhaust. Further, the Court **DENIES** Newell's motion to join (doc. no. 9) and his self-styled motion for summary judgment (doc. no. 19) and **ORDERS** this case dismissed from the Court's docket.

It is so **ORDERED**.

---

[3] Newell's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

[4] On February 5, 2007, Newell filed a separate complaint against Singlesource, Inc.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

The Clerk is directed to mail a copy of this Order to the <u>pro</u> <u>se</u> petitioner via certified mail, return receipt requested, and transmit a copy of this Order to counsel of record.

Dated: February 14, 2007.


                                        /S/ Irene M. Keeley

                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE